## COPELLE, CURATOR, vs. DALTON.

APPEAL from the court of the parish and city of New-Orleans.

MATHEWS, J., delivered the opinion of the court. This suit is brought by the curator of one Whiting's succession, to recover from the defendant, a slave named Bob or Robert, as having been the property of the intestate at the time of his death. The defence as set forth in the answer to the action, is: 1st. Title in the defendant derived from Whiting, through the legal agency of one Cleveland; 2d. Title obtained directly from the latter as being the true equitable proprietor of said slave. The plaintiff obtained judgment in the court below, from which the defendant appealed.

The whole evidence of the case comes up, on the record; from a strict examination of which we are clearly of opinion, that the first ground of defence, relied on by the defendant, entirely fails him. It is manifest that the power of the agent had ceased by the death of his constituent, long before the sale was made to the appellant, and that this occurrence was known to the attorney in fact;

East'n. District. the defendant could, therefore obtain no title
*January, 1826.* through him in that capacity, as representing
COPELLE, Whiting, in whom resided the legal title.
*vs.*
DALTON.
In support of the equitable claim and right
of Cleveland, which is alleged to have passed
to the purchaser by the act of sale executed
by the former, although made under pretence
of power derived from the intestate, oral tes-
timony was offered to prove that the price of
the slave was paid by Cleveland, and that
the act by which the title was conveyed to
Whiting, was a simulation to secure the pro-
perty of the former, against the claims of cre-
ditors. This testimony was admitted in the
parish court, subject to exceptions in rela-
tion to competency. The witness who offered
to prove the fact, appears to be the vendor
to Whiting; whether he could under any cir-
cumstances be admitted to invalidate, or give
an entire different effect to his own authen-
tic act, than which that it purports to have,
according to the writing itself, it is needless, in
the present case to inquire; as we are of opi-
nion, that testimonial proof could not legally
be received to prove the pretended simulation
of the act of sale to Whiting. The testimony
of this witness must be wholly excluded from

the case, and being excluded, leaves the defendant's claim without support. For the correctness of this doctrine—*see vol.* 2, 452. *Ibid.* 13.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Ripley & Conrad* for the plaintiff, *M·Caleb* for the defendant.